Anthony **GRAVES, Appellant**
(Petitioner below),

v.

**STATE of Indiana, Appellee**
(Respondent below).

No. 49S02–0306–PC–253.

Supreme Court of Indiana.

March 16, 2005.

Eric K. Koselke, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Robin Hodapp–Gillman, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 49A02–0207–PC–522.

SHEPARD, Chief Justice.

A generation ago, Anthony Graves pled guilty to burglary and got a suspended sentence. He is now litigating his second petition for post-conviction relief, alleging he received ineffective assistance of counsel during the proceedings on the first petition.

The Court of Appeals reversed the trial court's denial of the petition, holding that had the first post-conviction lawyer performed certain acts the result "could have been different." This misreads the standard applicable to claims about the performance of post-conviction counsel. Having granted transfer, we affirm the trial court.

### Facts and Procedural History

In 1981, Graves pled guilty to burglary, a class B felony, in the Marion Superior Court. In 1999, Graves filed a petition for post-conviction relief, claiming that his guilty plea was not entered intelligently and voluntarily and that there was no factual basis for the guilty plea. During the post-conviction relief hearing, it became apparent that there was neither a tape nor a transcript of Graves' 1981 plea. The trial court denied Graves' petition, holding that he had failed to establish that a record of the trial court plea proceedings could not be reconstructed by the defense attorney, the probation officer, or the deputy prosecutor. Graves' attorney, Stephen Lewis, subsequently miscalculated the due date of the praecipe for appeal, and Graves' appeal was denied.

In 2001, the Court of Appeals granted Graves permission to file a successive petition for post-conviction relief. Ind. Post–Conviction Rule 1(12). In filing this new petition, Graves alleged that Lewis provided ineffective assistance of counsel during the first post-conviction proceeding. The court held an evidentiary hearing and denied Graves' petition.

The Court of Appeals reversed, saying:

Lewis failed to make an adequate attempt to establish that the record could not be reconstructed. If he had been successful in doing so, the post-conviction court's ruling on the petition could have been different. We conclude Graves was not represented in a procedurally fair setting and thus received ineffective assistance of counsel.

*Graves v. State,* 784 N.E.2d 959, 964 (Ind. Ct.App.2003) *vacated.*

■ The Court of Appeals largely resolved the present case by reference to *Zimmerman v. State,* 436 N.E.2d 1087, 1088–89 (Ind.1982), which held that to obtain relief from a guilty plea when the record of a guilty plea hearing is lost or destroyed, the petitioner must either reconstruct the record pursuant to Ind. Appellate Rule 7.2(A)(3)(c) (currently Ind. Appellate Rule 31(A)), or present evidence showing reconstruction is impossible. It also relied on *Patton v. State,* 537 N.E.2d 513, 519–20 (Ind.Ct.App.1989), which held that a lawyer's failure to make these show-

ings constituted inadequate performance and warranted relief.[1]

*Zimmerman* was decided during a period when this Court routinely set aside guilty pleas if the trial court judge failed during the plea hearing to recite to the defendant any of the advisements required by the Code. *See Austin v. State,* 468 N.E.2d 1027 (Ind.1984); *German v. State,* 428 N.E.2d 234 (Ind.1981). We overruled this approach toward plea hearings in *White v. State,* 497 N.E.2d 893, 905 (Ind. 1986), holding that a petitioner "needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a)[2] rendered his decision involuntary or unintelligent."[3]

### I. Performance of Post–Conviction Counsel

The American court system features multiple safeguards aimed at assisting criminal defendants in responding to charges. We provide trial counsel at public expense for persons too poor to hire their own lawyers. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Webb v. Baird,* 6 Ind. 13 (1854). We likewise provide a lawyer to those who have been found guilty at trial so they can appeal. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963);

*State ex rel. White v. Hilgemann,* 218 Ind. 572, 34 N.E.2d 129 (1941). Even after these proceedings conclude, Indiana has long taken the further step of providing a procedure to attack convictions. *See Sanders v. State,* 85 Ind. 318 (1882) (prisoner whose plea is induced by fear of a lynch mob entitled to withdraw plea and have a trial). Moreover, since at least 1945, Indiana has provided every prisoner access to counsel at public expense in connection with such post-conviction claims. Ind.Code Ann. § 33–40–1–2 (West 2004); 1945 Ind. Acts c. 38, § 2.

Unsurprisingly, the availability of these multiple opportunities tends to produce serial re-litigation (i.e., "My trial lawyer should have done x, my appellate lawyer did a bad job of attacking my trial lawyer's handling of x, my post-conviction lawyer failed in presenting x, etc."). As Justice Sullivan noted recently in *Corcoran v. State,* 820 N.E.2d 655, 663–64 (Ind.2005), as this litigation progresses through successive stages, the likelihood of finding an injustice diminishes.

During that same progression, the value of finality begins to outweigh the benefits of mandating further review at the post-conviction stage, because "[a]ny other conclusion would suggest that each previous proceeding serves no valuable purpose and would degrade the entire [criminal] pro-

---

**1.** More recently, the Court of Appeals announced that when a petitioner met the *Baum* standard, *infra,* it would use *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Poling v. State,* 740 N.E.2d 872, 878–79 (Ind.Ct.App.2000). *Poling* is disapproved.

**2.** Ind.Code § 35–35–1–2(a) (1986 Supp.) required a trial judge to inform the defendant of enumerated rights before accepting a guilty plea.

**3.** Not long thereafter, we implicitly overruled *Zimmerman's* holding that a plea must be vacated if reconstruction of the record is not

possible. *State v. Scales,* 593 N.E.2d 181, 184 (Ind.1992). We held:

> [t]he loss of a record or transcript does not by itself require granting post-conviction relief, or require denying post-conviction relief. Because the availability of an original transcript is not the only factor in such determinations, our rules requiring transcripts to be retained for a time certain were not intended to create an implicit statute of limitations [on post-conviction relief petitions].

*Id.* (internal citations omitted).

ceeding to nothing more than a random game of chance." *Corcoran*, 820 N.E.2d at 664 (quoting Anthony J. Casey, *Maintaining the Integrity of Death: An Argument for Restricting a Defendant's Right to Volunteer for Execution at Certain Stages in Capital Proceedings*, 30 Am. J.Crim. L. 75, 103 (2002)).

This Court declared its approach to claims about performance by a post-conviction lawyer in *Baum v. State*, 533 N.E.2d 1200 (Ind.1989). We observed that neither the Sixth Amendment of the U.S. Constitution nor article 1, section 13 of the Indiana Constitution guarantee the right to counsel in post-conviction proceedings, and explicitly declined to apply the well-known standard for trial and appellate counsel of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Baum*, 533 N.E.2d at 1201. The *Baum* Court noted that post-conviction pleadings are not regarded as criminal actions and need not be conducted under the standards followed in them. *Id.* We held unanimously that a claim of defective performance "poses no cognizable grounds for post-conviction relief" and that to recognize such a claim would sanction avoidance of legitimate defenses and constitute an abuse of the post-conviction remedy. *Id.* at 1200–01.

We therefore adopted a standard based on principles inherent in protecting due course of law—one that inquires "if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court." *Id.* at 1201. As Justice DeBruler explained later, speaking for a majority of us, it is "not a ground for post-conviction relief that petitioner's counsel in a prior post-conviction proceeding did not provide adequate legal assistance," but such a contention could provide a prisoner with a basis for replying to a state claim of prior adjudication or abuse of process. *Hendrix v. State*, 557 N.E.2d 1012, 1014 (Ind.1990) (DeBruler, J., concurring).[4]

The *Baum* approach bears resemblance to that followed in the federal system. The habeas provisions of the U.S.Code applicable to federal prisoners recognize the availability of successive collateral proceedings but authorize the courts of appeal to permit successive proceedings only in instances of newly discovered evidence of innocence or new rules of constitutional law declared retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255 (2000).[5] Thus, the Second Circuit has held that a petitioner may obtain relief from the adjudication of his habeas petition only in the "extraordinary circumstances" that "his lawyer abandoned the case and prevented the client from being heard, either through counsel or *pro se.*" *Harris v. United States*, 367 F.3d 74, 77 (2nd Cir.2004).[6]

---

4. Not wishing to inflict the vagaries of ongoing re-litigation on children, we recently adopted something akin to the *Baum* standard for evaluating claims about counsel in cases involving termination of parental right. It focuses not on whether the lawyer might have done this or that, but whether "the parents received a fundamentally fair trial whose facts demonstrate an accurate determination." *Baker v. Marion County Office of Family and Children*, 810 N.E.2d 1035, 1041 (Ind. 2004). Our experience has been that "with rare exception counsel perform capably and thus ensure accurate decisions." *Id.* at 1039.

5. As for state prisoners, Congress has explicitly declared: "The ineffectiveness or incompetence of counsel during Federal or State collateral proceedings shall not be a ground for relief under section 2254." 28 U.S.C. § 2254(i) (2000).

6. In a § 2254 case, the Fourth Circuit has gone further, saying that a habeas petitioner who seeks to re-open his earlier action in order to add new claims does not establish cause to excuse his failure to raise those claims earlier by pointing to the performance

Such has been the grounds for relief under *Baum. Waters v. State*, 574 N.E.2d 911, 912 (Ind.1991) ("[c]ounsel, in essence, abandoned his client and did not present any evidence in support of his client's claim.").

Quite obviously, this state and federal aversion to serial re-litigation focused on performance of counsel stands on a completely different footing than a claim such as the discovery of previously unavailable evidence of innocence. 28 U.S.C. § 2255 (2000); Ind. Post–Conviction Rule 1(1)(a)(4); *Bennett v. United States*, 119 F.3d 468, 468–70 (7th Cir.1997) (previously undiscovered evidence of drugs administered during trial); *Williams v. State*, 808 N.E.2d 652 (Ind.2004)(new DNA tests).

## II. Performance of Graves' Counsel

■ In the present case, petitioner's counsel Lewis appeared at the post-conviction relief hearing, directly examined Graves on his recollection of the plea hearing, tendered an affidavit of the presiding judge stating he had no recollection of the plea hearing, and submitted an affidavit stating the court reporter at the time of the plea hearing was no longer available. (1st P–CR Tr. at 63–74). Lewis certainly did not abandon Graves. Here, the evidence presented at the post-conviction relief hearing thus does not lead "unerringly and unmistakably to a conclusion opposite" that of the post-conviction court. *Williams v. State*, 706 N.E.2d 149, 154 (Ind.1999) (quoting *Weatherford v. State*, 619 N.E.2d 915 (Ind.1993)).

## Conclusion

We affirm the trial court's denial of Graves' second petition for post-conviction relief.

of his habeas lawyer. *Hunt v. Nuth*, 57 F.3d

DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., concurs in result without separate opinion.