**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 29 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**EURANUS JOHNSON**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EURANUS JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1103-PC-195 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
The Honorable Stanley E. Kroh, Commissioner
Cause No. 49G04-0301-PC-6394

**March 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Euranus Johnson, pro se, appeals the denial of his petition for post-conviction relief. Rather than challenging the denial on the merits, Johnson claims only that he was deprived of adequate assistance of post-conviction counsel.

We affirm.

Following a jury trial, Johnson was convicted of class A felony rape, class A felony criminal deviate conduct, class B felony criminal deviate conduct, class B felony carjacking, class C felony robbery, and class D felony criminal confinement. The trial court imposed an aggregate sentence of 151 years in prison.

On direct appeal, Johnson challenged one of his convictions for criminal deviate conduct on sufficiency grounds and challenged the maximum and consecutive sentences imposed by the trial court. We affirmed the conviction for criminal deviate conduct, as well as the sentence imposed for each of his convictions. *Johnson v. State*, 837 N.E.2d 209 (Ind. Ct. App. 2005), *trans. denied* (2006).

Thereafter, Johnson filed a pro-se petition for post-conviction relief (PCR petition) in November 2008, alleging claims of ineffective assistance of trial and appellate counsel, as well as claims of fundamental error. Johnson eventually retained private counsel. Loren Comstock entered his appearance in August 2009, and Susan Rayl entered her appearance in March 2010. After receiving information from Johnson regarding potential issues during jury selection, counsel obtained a transcript of voir dire, which had not been previously prepared.

The post-conviction hearing commenced on July 6, 2010. Counsel called Johnson's lead trial attorney as a witness and submitted a number of exhibits. Further, during the

2

relatively lengthy examination of trial counsel, attorney Comstock sought to amend the PCR petition to provide an additional ground for the claim of ineffective assistance of trial counsel pertaining to jury selection. The trial court granted the request, and counsel filed the written amendment the following week. Due to the amendment and unavailability of two witnesses, the hearing was continued until August 3, 2010.

On the second day of the hearing, attorneys Rayl and Comstock called three witnesses on Johnson's behalf. These were Johnson's appellate attorney, his other trial attorney, and Johnson himself. Additional exhibits were also introduced, for a total of nine exhibits over the two-day hearing. The post-conviction court also took judicial notice of its file. At the conclusion of the hearing, the court took the matter under advisement and set the deadline for the filing of proposed findings of fact and conclusions of law by the parties.

On December 20, 2010, counsel filed thirteen pages of proposed findings and conclusions in support of Johnson's PCR petition, addressing the ineffectiveness of both trial and appellate counsel. Although the proposed findings and conclusions did not address each of the many claims raised in Johnson's pro-se PCR petition, counsel addressed a handful of claims that they apparently felt were the most likely to prevail. On February 18, 2011, the post-conviction court issued detailed findings of fact and conclusions of law denying relief.[1]

---

[1] Despite denying relief, the post-conviction court did find one minor sentencing error and revised Johnson's sentence for class D felony criminal confinement accordingly, reducing it from three to two years and issuing an amended abstract of judgment. This was based upon the limits set forth in Ind. Code Ann. § 35-50-1-2 (West, Westlaw through 2011 1st Regular Sess.) when imposing consecutive sentences for crimes arising out of an episode of criminal conduct.

Johnson now appeals, claiming that "he was deprived of adequate assistance of post-conviction counsel". *Appellant's Brief* at 1.

It is well established that there is no constitutional right to counsel in post-conviction proceedings under either the federal or the state constitution. *See Hill v. State*, 960 N.E.2d 141 (Ind. 2012). Instead of the rigorous *Strickland*[2] standard, we judge post-conviction counsel by a lesser standard based on due-course-of-law principles. *Id*. "When evaluating post-conviction counsel, courts inquire whether 'counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court.'" *Id*. at 145 (quoting *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989)). Our Supreme Court has consistently held that a claim of defective performance poses no cognizable grounds for post-conviction relief. *Graves v. State*, 823 N.E.2d 1193 (Ind. 2005). In other words, we will not review the adequacy of legal assistance provided by post-conviction counsel. *See id*. Rather, a petitioner may obtain relief only in the extraordinary circumstances where his post-conviction counsel effectively abandoned the case and prevented the client from being heard. *See id*. *See also Waters v. State*, 574 N.E.2d 911, 911-12 (Ind. 1991) ("post-conviction relief counsel was such that Waters did not receive a fair hearing on his petition, because, although Waters' attorney entered an appearance for him, no actual legal representation occurred"); *Taylor v. State*, 882 N.E.2d 777, 784 (Ind. Ct. App. 2008) ("counsel called no witnesses, presented no affidavits, and did not submit the trial record" rendering "it impossible for the post-conviction court to conduct the necessary *Strickland* analysis").

In the instant case, Johnson does not and cannot argue that his post-conviction

attorneys abandoned his case and prevented him from being heard.[3] As set out above, attorneys Rayl and Comstock appeared at the bifurcated two-day hearing, called four witnesses, tendered nine exhibits, obtained a transcript of voir dire, amended the PCR petition, and filed detailed proposed findings and conclusions in support of relief. Rayl and Comstock certainly did not abandon Johnson. *See Graves v. State*, 823 N.E.2d 1193. *See also Matheney v. State*, 834 N.E.2d 658, 666 (Ind. 2005) ("[t]hat counsel chose the claims counsel believed likely to prevail is not 'abandonment' and did not deprive [petitioner] of a procedurally fair post-conviction proceeding"). Moreover, the post-conviction court was provided with evidence to allow the court to review the effectiveness of trial and appellate counsel, as is reflected in the forty-two-page findings of fact and conclusions of law denying post-conviction relief.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

[3] The basis of Johnson's appellate argument is that post-conviction counsel failed to properly present each of the numerous claims asserted in his PCR petition and failed to submit certain evidence at the hearing. In support of his argument, Johnson relies heavily upon a supplemental appendix that he filed in this appeal on November 22, 2011. Upon motion by the State, our motions panel found, on December 27, 2011, that the appendices, including the supplemental appendix, filed by Johnson were non-conforming, and the panel ordered Johnson to file a conforming appendix within thirty-five days. Johnson filed a two-volume amended appendix on January 27, 2012. Johnson did not include a supplemental appendix when refiling his appendix, nor were the documents from the supplemental appendix filed on November 22 included in the newly-filed appendix. Therefore, the supplemental appendix is not properly before us. Moreover, as Johnson concedes, many of the documents contained in the supplemental appendix are not part of the record on appeal. Accordingly, even if properly refiled, we could not consider this extra-record evidence.