**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE, ESQ.**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Nov 29 2012, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY J. GILBERT, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  62A01-1205-PC-213 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable David O. Kelley, Special Judge
Cause No.  62C01-0506-FA-474

**November 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

In 2006, Timothy J. Gilbert ("Gilbert") was convicted of two counts of Child Molesting, one as a Class A felony[1] and one as a Class C felony[2], and Escape, as a Class C felony.[3] On direct appeal, Gilbert's sentence was revised but his convictions were otherwise affirmed. He subsequently filed a petition for post-conviction relief, which the post-conviction court denied. Gilbert now appeals.

We affirm.

**Issue**

Gilbert raises the sole issue of whether the post-conviction court erred when it concluded that he did not receive ineffective assistance of counsel. He points to three alleged grounds for relief, namely:

1. Trial counsel failed to object to the admission of evidence;

2. Trial counsel failed to present exculpatory evidence; and

3. The cumulative effect of trial counsel's ineffective performance and the trial court's error.

**Facts and Procedural History**

We take our statement of facts concerning Gilbert's offenses from this Court's unpublished opinion affirming the convictions on direct appeal:

S.J.C. was approximately six years old when her mother married Gilbert. Several times when S.J.C. was between the ages of nine and eleven, Gilbert

---

[1] Ind. Code § 35-42-4-3(a)(1).

[2] I.C. § 35-42-4-3(b).

[3] I.C. § 35-44-3-5(a).

2

engaged in sexual touching and sexual deviate contact with her. S.J.C. did not tell anyone about these incidents when they occurred. In May 2005, when S.J.C. was approximately sixteen years old, police contacted her concerning allegations that Gilbert possessed nude pictures of her. At this time, S.J.C. told her mother and police that Gilbert had previously molested and engaged in sexual deviate conduct with her. Police investigated the allegations, arrested Gilbert on June 1, 2005, and subsequently executed a search warrant, leading to the discovery of evidence. Following his arrest, police left Gilbert unattended in the jail's booking area, and Gilbert escaped through a side door. Police apprehended Gilbert later the same night after finding him hiding underneath a trailer. On June 6, 2005, the State charged Gilbert with the two counts of child molesting and escape. On August 26, 2005, Gilbert moved to sever the child molesting counts from the escape count, and the trial court severed the counts and ordered separate trials. A jury found Gilbert guilty of both child molesting counts, and Gilbert then pled guilty to escape.

Gilbert v. State, No. 62A03-0601-CR-20, slip op. at 2-3 (Ind. Ct. App. Dec. 29, 2006).

After the trial court entered judgments of conviction, it sentenced Gilbert to thirty years imprisonment for the charge of Class A felony Child Molesting, four years imprisonment for the charge of Class C felony Child Molesting, and four years imprisonment for the Class C felony charge of Escape, with all the sentences to run consecutively. This yielded an aggregate term of imprisonment of thirty-eight years. Id. at 4.

Gilbert appealed and challenged the propriety of his sentence. A panel of this Court affirmed Gilbert's convictions, but reversed and remanded the trial court's sentencing order with instructions for the trial court to modify Gilbert's sentence to run the four-year term of imprisonment for Escape concurrently with his sentences for Child Molesting. This yielded an aggregate term of imprisonment of thirty-four years. Id. at 5-6.

On December 21, 2007, Gilbert filed his petition for post-conviction relief, alleging that he received ineffective assistance of counsel at trial. On July 13, 2010, the post-

conviction court conducted an evidentiary hearing on Gilbert's petition for post-conviction relief. On April 11, 2012, the post-conviction court entered its order denying Gilbert's petition for relief.

This appeal ensued.

**Discussion and Decision**

Standard of Review

Gilbert contends that the post-conviction court erred when it denied his petition for relief. Our standard of review in appeals from post-conviction proceedings is well-established.

> In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. Conner v. State, 711 N.E.2d 1238, 1245 (Ind. 1999). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. Graves v. State, 823 N.E.2d 1193, 1197 (Ind. 2005). Where, as here, the post-conviction court enters findings and conclusions in accordance with Indiana Post–Conviction Rule (1)(6), we will reverse "upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted), cert. denied, 534 U.S. 830, 122 S.Ct. 73, 151 L.Ed.2d 38 (2001). Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law. Miller v. State, 702 N.E.2d 1053, 1058 (Ind. 1998).

Hall v. State, 849 N.E.2d 466, 468-69 (Ind. 2006).

To prevail in a post-conviction claim alleging the violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish the two components set

4

forth in Strickland v. Washington, 466 U.S. 668 (1984). "First, a defendant must show that counsel's performance was deficient." Id. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." Id. Counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption. Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000).

"Second, a defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial," that is, a trial where the result is reliable. Strickland, 466 U.S. at 687. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id.

During Gilbert's trial, the State elicited testimony from S.J.C. concerning her reasons for speaking with police. This testimony included S.J.C.'s repetition of certain information she had received; Gilbert's trial counsel did not seek to prevent introduction of this testimony through a motion in limine or objection at trial. Gilbert's trial counsel also did not object to the testimony of several witnesses concerning Gilbert's escape from the Perry County Jail after his arrest. Finally, Gilbert's trial counsel did not attempt to introduce evidence concerning S.J.C.'s conduct at the time of Gilbert's offenses or concerning venereal diseases

5

Gilbert was alleged to have that Gilbert now contends amounted to exculpatory evidence. Gilbert now raises these as bases for post-conviction relief; we address each contention in turn.

<u>Failure to Object to the State's Introduction of Evidence</u>

Gilbert first contends that his trial counsel was ineffective by failing to object to evidence the State introduced. He draws our attention to two specific types of evidence, both of which he argues should have been excluded under Indiana Evidence Rule 404(b): S.J.C.'s testimony concerning her reasons for reporting Gilbert's conduct to the police, and several police officers' testimonies concerning Gilbert's escape from the Perry County Jail.

Relevant evidence is that evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. Relevant evidence is admissible unless otherwise provided by applicable law; evidence that is not relevant is not admissible. Evid. R. 402.

The admissibility of relevant evidence is limited by, among others, Evidence Rules 403 and 404. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Rule 404 provides that "[e]vidence of a person's character or trait of character is not admissible" except in certain circumstances. Evid. R. 404(a). Further, "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a

6

person in order to show action in conformity therewith," but may be admissible "for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," subject to reasonable notice or good cause shown for lack of notice. Evid. R. 404(b).

Gilbert points to two incidences in which he claims trial counsel failed to object to prior-acts evidence that he contends were inadmissible under Rule 404. The first of these relates to S.J.C.'s testimony concerning her reasons for giving a statement to police implicating Gilbert. Gilbert's second contention relates to testimony from several witnesses concerning his escape from the Perry County Jail.

We turn first to Gilbert's contentions concerning counsel's failure to object to portions of S.J.C.'s testimony. Gilbert takes issue with his counsel's lack of objection to the following testimony from S.J.C.:

[THE STATE]:   Why did you decide to tell?

[S.J.C.]:   Because they [Perry County Sheriff and a deputy who conducted an interview with S.J.C.] had said something about another incident with a young girl, and not as young as I was, but just, I think she was like 16 or 17 and I had always just thought that I was just convenient for him [Gilbert] and that he would never do it again, and then I thought about my little sister … who's right now 11 years old, and I was afraid for her and I didn't want anything to happen to her and I thought about what happened to me and I never wanted him [Gilbert] to see her again.

(Trial Tr. at 279.)

Gilbert's trial counsel did not object to this testimony. However, the testimony did not go unchallenged. Counsel inquired further into this testimony during cross-examination, and

7

asked S.J.C. whether she was aware that the report of another possible victim was ultimately determined to be false. In addition, Gilbert's trial counsel introduced testimony from Perry County Sheriff Leslie Glenn that the allegations concerning Gilbert's conduct with another sixteen- or seventeen-year-old were not related to a child molesting case, but instead would have resulted in internal disciplinary action. At the post-conviction hearing, counsel testified that part of the strategy at trial was to characterize S.J.C. as out to "save the world" and "making this stuff up to make herself look like a hero," and that this testimony advanced that strategy. (PCR Tr. at 59.)

Upon seeking post-conviction relief, Gilbert now challenges "classical tactical choices of [the] sort [that] hardly ever support a claim of ineffective assistance because they are matters of trial strategy." Woods v. State, 701 N.E.2d 1208, 1225 (Ind. 1998). While trial counsel's approach to Gilbert's case may not have been successful, we do not second-guess such tactical and strategic decisions as those to which Gilbert now objects. We therefore cannot conclude that the post-conviction court erroneously denied Gilbert's petition on this basis.

We next turn to Gilbert's complaint that his trial counsel failed to object to evidence concerning Gilbert's escape from the Perry County Jail. During the course of the trial, several witnesses testified concerning the chain of events leading to Gilbert's escape from the Perry County Jail and his subsequent recapture. Gilbert had already won bifurcation of his trial, with the charge of escape to be tried after the trial for child molesting; thus, the escape charge was not before the jury for a determination of guilt. At the post-conviction hearing,

8

Gilbert's trial counsel acknowledged that he should have objected or sought to exclude evidence concerning Gilbert's escape from the jail. But during the trial, counsel obtained a limiting instruction from the trial court, admonishing the jury that

> Evidence has been introduced that the Defendant was involved in a crime, escape from custody, other than those crimes charged in the information. This evidence has been received solely on the issue of Defendant's knowledge. This evidence should be considered by you only for that limited purpose.

(Trial App. at 130.)

Generally, "[a] timely and accurate admonition is presumed to cure any error in the admission of evidence." Banks v. State, 761 N.E.2d 403, 405 (Ind. 2002). Assuming, without deciding, that Gilbert's trial counsel failed to properly object to evidence concerning Gilbert's escape from jail that would otherwise be inadmissible, Gilbert advances no argument that the risk of harm from that erroneous admission of evidence was not cured by the jury instruction quoted above. Absent more, we cannot conclude that the post-conviction court erred in denying post-conviction relief on this ground, as Gilbert has not demonstrated that he was prejudiced by the admission of that evidence, even in the face of the jury admonishment.

Because we do not second-guess the strategic decisions of trial counsel and cannot conclude that Gilbert was prejudiced by his counsel's failure to object to evidence concerning Gilbert's escape from the Perry County Jail, we cannot conclude that the post-conviction court erred in denying Gilbert's petition for post-conviction relief on the basis of counsel's failure to object to the admission of evidence.

<u>Failure to Produce Allegedly Exculpatory Evidence</u>

Gilbert also contends that his trial counsel was ineffective for failing to introduce exculpatory evidence at trial. Trial counsel's decision whether to call a witness "is a matter of trial strategy which an appellate court will not second-guess, although a failure to call a useful witness can constitute deficient performance." <u>Brown v. State</u>, 691 N.E.2d 438, 447 (Ind. 1998) (citations omitted). Nevertheless, we do not "declare counsel ineffective for failure to call a particular witness absent a clear showing of prejudice." <u>Ben-Yisrayl v. State</u>, 729 N.E.2d 102, 108 (Ind. 2000).

At the post-conviction hearing, Gilbert produced testimony from his trial counsel and from his brother, Shawn Gilbert ("Shawn"), that counsel did not speak with certain proposed witnesses during his investigation of the case and deposed some witnesses but did not call for their testimony at trial. Gilbert did not testify at the post-conviction hearing to provide testimony on what these proposed witnesses would say. Shawn did testify, however, and indicated that these proposed witnesses could provide character testimony and would testify to their observations of S.J.C.'s interactions with Gilbert during the period of time encompassed by the charged offenses.

Gilbert also produced testimony from one of these witnesses, Pete Riddle ("Riddle"), who was present at the courthouse during Gilbert's trial but was not called to testify at the trial. Riddle testified during the post-conviction proceeding that he did not observe any interactions between S.J.C. and Gilbert that he thought were inappropriate or unusual during regular game nights at Gilbert's home during the time period of the charged offenses, nor did

he perceive S.J.C. to be withdrawn, angry, or stand-offish toward Gilbert. On cross-examination, Riddle acknowledged no special expertise in recognizing behavioral patterns among individuals who have been victims of child molesting. Yet none of this rises to level of potentially exculpatory testimony without which Gilbert was prejudiced at trial.

Gilbert also contends that his trial counsel was ineffective for failing to introduce evidence concerning Gilbert's diagnosis of genital warts and to pursue evidence concerning whether S.J.C. had contracted the condition. The rationale behind this theory on seeking post-conviction relief appears to be that if S.J.C. had never been diagnosed with genital warts, the absence of that diagnosis would tend to exculpate Gilbert. But Gilbert's trial counsel investigated that theory and ultimately decided not to pursue it because at least one physician indicated that it would have been impossible to know whether Gilbert was contagious when he had sexual contact with S.J.C. Absent that information, Gilbert's trial counsel concluded that the theory was too tenuous to be worth pursuing and testified at the post-conviction hearing that they were a "double-edged sword" because of the possible harm to Gilbert's case that could come from introducing evidence that he had engaged in unprotected sex. (PCR Tr. at 70.) Simply put, this is another strategic decision of counsel that we decline to second-guess upon post-conviction review.

We cannot conclude that the post-conviction court erred when it concluded that Gilbert did not receive ineffective assistance of counsel as a result of the failure of counsel to call witnesses such as Riddle or to introduce evidence concerning Gilbert's venereal disease.

<u>Cumulative Error</u>

As we find neither prejudice nor error in any of the bases that Gilbert advances as instances of ineffective assistance of counsel, we cannot conclude that counsel's aggregate errors resulted in deprivation of Gilbert's Sixth Amendment right to effective assistance of trial counsel.

## Conclusion

The post-conviction court did not err when it concluded that Gilbert was not deprived of effective assistance of counsel at trial. We therefore affirm the post-conviction court's judgment denying Gilbert's petition for post-conviction relief.

Affirmed.

RILEY, J., and CRONE, J., concur.