## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 17 2018, 5:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Leif O'Connell
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leif O'Connell,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 17, 2018

Court of Appeals Case No.
18A-PC-372

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1701-PC-6

**Robb, Judge.**

# Case Summary and Issues

[1] Following a jury trial in 1999, Leif O'Connell was convicted of one count of murder and five counts of attempted murder and sentenced to 175 years. O'Connell pursued a direct appeal, as a result of which his convictions were affirmed. In 2014, O'Connell's first petition for post-conviction relief was denied. In that petition, O'Connell alleged his trial counsel and appellate counsel were ineffective in several respects. O'Connell did not appeal the denial of post-conviction relief.

[2] In 2016, O'Connell sought permission from this court to file a successive petition for post-conviction relief, which this court granted. O'Connell then filed his successive petition for post-conviction relief, which the post-conviction court denied. O'Connell now appeals the denial, raising the following issues: 1) whether the post-conviction court erred in determining he did not receive ineffective assistance of appellate counsel when appellate counsel raised issues that had no merit and failed to raise significant and obvious issues; and 2) whether the post-conviction court erred in determining he did not receive ineffective assistance of trial counsel when trial counsel failed to object to prosecutorial misconduct during closing arguments and misadvised him regarding a plea agreement offer. The State asserts O'Connell's claims are barred because he raised issues concerning ineffective assistance of trial and appellate counsel in previous proceedings. Concluding the State is correct and that O'Connell's claims are procedurally defaulted, we affirm the denial of post-conviction relief.

# Facts and Procedural History

[3] O'Connell purchased a gun on February 11, 1997. From February 12 to February 26, O'Connell shot at six people, injuring four and killing one. The State charged O'Connell with one count of murder and five counts of attempted murder. At the conclusion of his jury trial, O'Connell was convicted of all counts. The trial court imposed consecutive sentences totaling 175 years.

[4] On direct appeal, O'Connell raised four issues: 1) whether O'Connell waived the right to a court-ordered pre-trial lineup and whether the trial court erred in allowing in-court identifications by two victims; 2) whether O'Connell waived any error in the trial court allowing a surprise witness by the State; 3) whether the evidence was sufficient to support his convictions; and 4) whether the trial court erred in sentencing O'Connell to consecutive sentences. Our supreme court affirmed O'Connell's convictions but found that the sentencing statement was insufficient to afford meaningful review of the sentence and remanded to the trial court on that issue. *O'Connell v. State*, 742 N.E.2d 943, 952-53 (Ind. 2001). On remand, the trial court entered a new sentencing order but imposed the same aggregate 175-year sentence. This court affirmed the sentence on appeal. *O'Connell v. State*, No. 71A04-0105-CR-224 (Ind. Ct. App. Nov. 30, 2001), *trans. denied.*

[5] In 2002, O'Connell filed his first petition for post-conviction relief pro se, which was amended in 2012 by privately-retained counsel after the State Public Defender withdrew. At the post-conviction hearing in 2014, the following

issues were addressed: whether O'Connell's trial counsel provided ineffective assistance by failing to raise an insanity defense at trial, failing to follow through with a court-ordered pre-trial line-up and failing to object to identification evidence presented at trial, failing to request a continuance because a State's witness was belatedly disclosed, and failing to retain a ballistics expert. In addition, O'Connell claimed that his appellate counsel was ineffective by failing to raise these instances of ineffective assistance of trial counsel on direct appeal. The post-conviction court denied O'Connell's petition for post-conviction relief. No appeal was taken from the denial.

[6] In 2016, O'Connell filed with this court a petition for permission to file a successive petition for post-conviction relief. In that petition, O'Connell alleged as grounds for relief that his post-conviction counsel "was clearly wrong" in raising the issue of whether appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel on direct appeal because that practice is not encouraged; rather, post-conviction counsel should have raised the issues of whether appellate counsel raised issues on appeal that were without merit or that were not presented well and whether appellate counsel failed to raise significant issues clearly present in the record. Appellant's Appendix, Volume 2 at 12. He also alleged as grounds for relief that his post-conviction counsel's "misrepresentation and bad advice" resulted in no meritorious claims against appellate counsel in his first post-conviction proceeding and caused him to forfeit his right to appeal meritorious issues related to ineffective assistance of his trial counsel. *Id.* at 14-15. This court

granted O'Connell's petition, concluding he "has established a reasonable possibility that he is entitled to post-conviction relief[.]" *Id.* at 17.

[7] On October 5, 2016, O'Connell filed his successive petition for post-conviction relief with the post-conviction court. The petition was subsequently amended by permission of the post-conviction court. The issues raised therein were:

> (a) Whether [O'Connell] was denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution; Article One, sections Twelve and Thirteen of the Indiana Constitution when appellate counsel raised issues that had no merit failing to present them well on appeal, and failing to raise significant and obvious issues stronger than the issues raised.

*Id.* at 20.

> (b) Whether [O'Connell] was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article One, sections Twelve and Thirteen of the Indiana Constitution when Trial counsel failed to object to prosecutorial misconduct during closing arguments and misadvised [O'Connell] concerning an insanity defense and in declining a plea agreement offer.

*Id.* at 65 (emphasis omitted).[1] With respect to appellate counsel, O'Connell specifically argued he should have raised the following issues: whether the trial

---

[1] In his reply brief, O'Connell withdraws his claim regarding the insanity defense because it is res judicata, having already been litigated in his first post-conviction proceeding. *See* Appellant's Reply Brief at 6; *see also, e.g.*, *Conner v. State*, 829 N.E.2d 21, 25 (Ind. 2005) (noting that to the extent a claim is the same as has been raised before and decided adversely, it is barred by the doctrine of res judicata).

court abused its discretion in admitting autopsy photographs; whether the trial court erred in dismissing two jurors and not dismissing a third; and whether the State committed prosecutorial misconduct during closing argument. *See id.* at 26-33. The State responded, pleading the affirmative defenses of waiver and res judicata. The post-conviction court held a hearing over two days in 2017 at which O'Connell stated, "I feel that none of my previous appeals have any of my issues ever been litigated to the fullest extent." Transcript, Volume 1 at 55. O'Connell called his trial and appellate counsel as witnesses. The post-conviction court issued its order denying O'Connell relief on January 26, 2018.[2] O'Connell now appeals the denial.

# Discussion and Decision

## I. Standard of Review

[8] Post-conviction proceedings are civil in nature and the petitioner must therefore establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). Post-conviction procedures create a narrow remedy for subsequent collateral challenges to convictions, and those challenges must be based on the grounds enumerated in post-conviction rules. *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. "Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the

---

[2] The post-conviction court's order addresses O'Connell's petition solely on the merits and does not address the State's waiver or res judicata arguments.

opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal." *Id.*

A petitioner who has been denied post-conviction relief faces a "rigorous standard of review" on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001). We may not reweigh the evidence or reassess the credibility of the witnesses and we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468-69 (Ind. 2006). The petitioner must show the evidence is without conflict and leads "unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Strowmatt v. State*, 779 N.E.2d 971, 975 (Ind. Ct. App. 2002).

## II.  Trial & Appellate Counsel Claims

O'Connell concedes in his brief that he filed a successive petition for post-conviction relief "raising Ineffective assistance of appellate counsel and trial counsel[.]" Brief of Appellant at 7. His arguments on appeal are that appellate counsel failed to review the pre-trial record, raised issues that "had no merit and were destined to fail on appeal[,]" *id.* at 8, and failed to raise several issues that were significant and obvious on the face of the record; and that trial counsel failed to object to the State's closing argument and misadvised O'Connell regarding a plea offer from the State. His conclusion is that he "has proven beyond the preponderance of the evidence that his trial counsel and appellate

counsels were ineffective in representing him during trial and on direct appeal[.]" *Id.* at 40.

[11] The State asserts O'Connell's claims are barred by res judicata or otherwise procedurally defaulted. "Proper successive petitions contain claims that by their nature could not have been raised in earlier proceedings." *Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005). Claims that could have been raised in earlier proceedings but were not are procedurally defaulted; claims that have already been decided adversely to the petitioner are barred from re-litigation in successive post-conviction proceedings by res judicata. *Id.* O'Connell acknowledges the State asserted the affirmative defenses of waiver and res judicata in its response to his successive petition but claims that it is actually the State that has waived this issue by failing to argue it at the post-conviction hearing or address it in its proposed findings of fact and conclusions. However, "where an issue has not been properly preserved for review, an appellate court may decline to address such an issue whether or not the State has properly pleaded or proved the affirmative defense of waiver." *Taylor v. State*, 780 N.E.2d 430, 433 (Ind. Ct. App. 2002), *trans. denied*; *see also Bunch v. State*, 778 N.E.2d 1285, 1287 (Ind. 2002) (noting aside from the Trial Rule 8(C) affirmative defense of waiver, there is a "doctrine of judicial administration whereby appellate courts may sua sponte find an issue foreclosed under a variety of circumstances in which a party has failed to take the necessary steps to preserve the issue" known as procedural default). Therefore, we may

consider the State's argument that O'Connell has not properly presented his claims in this successive post-conviction proceeding.

[12] O'Connell claims his attorney provided poor representation during trial and lists several alleged deficiencies. However, deficiencies in trial counsel's performance were raised in O'Connell's first post-conviction petition and addressed therein. O'Connell has not made any showing that the additional deficiencies he now alleges were unavailable or unknown to him or his post-conviction counsel in that proceeding. O'Connell's current grounds for arguing ineffective assistance of trial counsel were previously available but unasserted and are therefore procedurally defaulted at this stage.

[13] O'Connell also claims his appellate attorney provided inadequate representation during his direct appeal. Again, however, the assistance of his appellate counsel was raised in his first post-conviction petition and O'Connell has not made any showing that the claims of inadequate assistance he makes now were unavailable then. In short, because the ineffectiveness of the counsel who handled O'Connell's trial and his direct appeal was raised in the first post-conviction petition and decided adversely to him, he is not entitled to be heard on additional issues bearing on their effectiveness in this successive petition. *See Hardy v. State*, 786 N.E.2d 783, 787 (Ind. Ct. App. 2003) ("[A] defendant must present *all* claims of ineffective assistance of counsel . . . at the same time. Those not presented when a claim of ineffective assistance of counsel is first advanced . . . are waived."), *trans. denied*.

[14] To the extent O'Connell claims that this court's order granting him permission to file a successive petition for post-conviction relief allows him to raise these claims, we first note that Post-Conviction Rule 1(12)(c) specifically states that "[a]uthorization to file a successive petition is not a determination on the merits for any other purpose[.]" And we note again that all grounds for relief available to a petitioner under the Post-Conviction Rules are required to be raised in the original petition. P-C.R. 1(8). Only those grounds that were not known or available may be advanced in a successive petition for post-conviction relief. O'Connell's petition for permission to file a successive petition for post-conviction relief invoked errors by his post-conviction counsel that would have been available for the first time in a successive petition. But O'Connell abandoned that line of argument when he changed tactics and addressed only trial and appellate counsel in the successive petition he filed with the post-conviction court.

[15] O'Connell has had direct appeals of his convictions and sentence and has availed himself of the rule that permits a person convicted of a crime in an Indiana court one collateral review of the conviction and sentence in a post-conviction proceeding. *See* P-C.R. 1(1). He has completed the review of his convictions and sentence to which he is entitled as a matter of right. That O'Connell was granted permission to file a successive petition does not obligate this court to consider issues that are procedurally defaulted such as those he raises here. O'Connell's successive petition for relief was therefore properly denied.

# III. Post-Conviction Counsel Claims

[16] To the extent O'Connell can be said to have challenged the performance of his post-conviction attorney, his claims are subject to *Graves v. State*, 823 N.E.2d 1193, 1195-97 (Ind. 2005). In *Graves*, it was noted that post-conviction proceedings are not criminal actions and therefore need not be conducted under the same standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), for trial and appellate counsel. Rather, the standard for post-conviction counsel is whether "counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court" and a claim of defective performance of counsel in a post-conviction proceeding "poses no cognizable grounds for post-conviction relief[.]" *Graves*, 823 N.E.2d at 1196.

[17] In his petition requesting permission to file a successive petition for post-conviction relief, O'Connell alleged his post-conviction counsel's actions resulted in forfeiting his appeal from the denial of his first post-conviction petition. In *Graves*, the petitioner's first post-conviction petition was denied. His post-conviction counsel failed to timely appeal the post-conviction court's denial. The petitioner then filed a successive petition for post-conviction relief alleging he received ineffective assistance of his post-conviction counsel. In announcing the standard for evaluating the performance of post-conviction counsel, the supreme court never discussed the failure to timely appeal or suggested it was a consideration in assessing whether the petitioner was denied a procedurally fair setting in which to adjudicate his post-conviction claim. Rather, the court noted that the petitioner's counsel appeared at and

participated in the post-conviction hearing and therefore, "certainly did not abandon" the petitioner. 823 N.E.2d at 1197. The court affirmed the denial of the petitioner's second petition for post-conviction relief. *Id.*

[18] The same result obtains here. O'Connell's post-conviction counsel appeared at the post-conviction hearing, offered testimony from one witness by affidavit and elicited testimony from another witness, and submitted proposed findings of fact and conclusions of law on O'Connell's behalf. In addition, counsel apparently reached an agreement with the State to modify O'Connell's sentence; however, the agreement was not approved by the trial court. O'Connell was represented by counsel in a procedurally fair setting and has no grounds for challenging the performance of his post-conviction counsel.[3]

# Conclusion

[19] The issues O'Connell raised in his successive petition for post-conviction regarding his trial and appellate counsel's performance were all known and available to him at the time of his first post-conviction proceeding and the performance of his post-conviction counsel does not present a cognizable claim. Therefore, the denial of his second post-conviction petition is affirmed.

---

[3] O'Connell alleges "newly discovered evidence" from the post-conviction hearing concerning the sentencing judge's impartiality and the post-conviction judge's previous service in the county prosecutor's office. O'Connell raises these issues for the first time on appeal and they are therefore waived. *See Pavan v. State*, 64 N.E.3d 231, 233 (Ind. Ct. App. 2016) ("It is well settled that issues not raised in a PCR petition may not be raised for the first time on appeal.").

Affirmed.

Baker, J., and May, J., concur.