**WALLACE, Donald Ray, petitioner,**

v.

**STATE of Indiana, respondent.**

No. 84S00–0412–SD–502.

Supreme Court of Indiana.

Jan. 13, 2005.

## PUBLISHED ORDER CONCERNING SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF IN CAPITAL CASE

### Introduction

Donald Ray Wallace was convicted of four counts of murder and sentenced to death on the unanimous recommendation of a jury. Since then, he has had the convictions and sentence reviewed by a state trial court in two post-conviction proceedings, by this Court three times on appeal, and at all three levels of the federal judicial system. Wallace now requests permission to seek further review in state court. He concedes that courts have already considered and rejected the claims he presents. Because we conclude that Wallace has not shown a reasonable possibility that he is entitled to relief, we deny his request.

### Procedural Background

A jury unanimously found Wallace guilty of four counts of felony murder for killing Patrick and Teresa Gilligan and their two children, ages four and five, during a 1980 burglary in the Gilligan home. Evidence at trial showed Wallace had been seen in the neighborhood on the night of the murders. Items belonging to the Gilligans were found in Wallace's possession after the murders. Blood on Wallace's blue jeans matched blood types of the victims but not Wallace's. People who knew Wallace testified he admitted killing the Gilligans.

The State sought the death penalty, alleging two aggravating circumstances that would render Wallace eligible for a death sentence: the murders committed during the burglary had been intentional and multiple murders had been committed. *See* Indiana Code § 35–50–2–9(b)(1) & (8). The jury unanimously recommended the death penalty. The Vigo Circuit Court followed the jury's recommendation and sentenced Wallace to death.

The convictions and sentence were affirmed on direct appeal in *Wallace v. State,* 486 N.E.2d 445 (Ind.1985), *reh'g denied, cert. denied* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 723(1986). The trial court's judgment denying relief in Wallace's first state court post-conviction proceeding was affirmed on appeal in *Wallace v. State,* 553 N.E.2d 456 (Ind.1990), *reh'g denied, cert. denied,* 500 U.S. 948, 111 S.Ct. 2250, 114 L.Ed.2d 491(1991). The trial court's judgment denying relief in a second state court post-conviction proceeding was affirmed on appeal in *Wallace v. State,* 640 N.E.2d 374 (Ind.1994), *reh'g denied, cert. denied,* 514 U.S. 1115, 115 S.Ct. 1972, 131 L.Ed.2d 861(1995). The federal courts denied Wallace's petition for a writ of habeas corpus in *Wallace v. Davis,* No. IP95–0215–C–B/S, 2002 WL 31572002 (S.D.Ind. Nov. 14,

2002), aff'd, 362 F.3d 914 (7th Cir.), reh'g and reh'g en banc denied, 373 F.2d 844, cert. denied, 543 U.S. ——, 125 S.Ct. 617, 160 L.Ed.2d 472 (2004).

Wallace has thus completed the review of the convictions and sentence to which he is entitled as a matter of right.

By counsel, Wallace has now filed a "Tender of Successive Petition for Post–Conviction Relief" and has submitted a proposed "Petition for Post–Conviction Relief." The State filed its "Verified Response in Opposition to Tender of Successive Petition For Post–Conviction Relief," and Wallace was allowed to file "Petitioner's Reply to State's Verified Response in Opposition to Tender of Successive Petition For Post–Conviction Relief."

We have jurisdiction because Wallace has been sentenced to death. *See* Ind. Appellate Rule 4(A)(1)(a).

### *Our Post–Conviction Rules*

Wallace has already availed himself of our rule that permits a person convicted of a crime in an Indiana state court one collateral review of the conviction and sentence in a post-conviction proceeding. *See* Ind. Post–Conviction Rule 1. Wallace has initiated two post-conviction proceedings. Wallace now requests permission to litigate another or "successive" post-conviction proceeding. We will authorize the proceeding to go forward "if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief." P–C. R. 1 § 12(b). In deciding whether the petitioner has made the required showing, we consider the applicable law, the petition, and materials from the petitioner's prior appellate and post-conviction proceedings including the record, briefs and court decisions, and any other material we deem relevant. *Id.*

### *Wallace's Claims*

■ **Claim No. 1.** Wallace claims his death sentence is unconstitutional because it is based on invalid aggravating circumstances. Specifically, Wallace asserts the trial court should not have considered his criminal history, which included two convictions that were vacated after Wallace had been sentenced. He cites *Johnson v. Mississippi,* 486 U.S. 578, 584, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988); *Sochor v. Florida,* 504 U.S. 527, 532, 112 S.Ct. 2114, 119 L.Ed.2d 326(1992); *Clemons v. Mississippi,* 494 U.S. 738, 751–52, 110 S.Ct. 1441, 108 L.Ed.2d 725(1990); and *Bivins v. State,* 642 N.E.2d 928(Ind.1994).

As the State notes, and even Wallace admits, he raised this claim in earlier appeals and lost. We previously concluded the trial court based its sentencing decision on the aggravating circumstances— the factors that made Wallace eligible for the death penalty—listed in Indiana's death penalty statute, *see Wallace v. State,* 486 N.E.2d at 463 (direct appeal), and we concluded the trial court did not commit error by considering Wallace's criminal history, *see Wallace v. State,* 553 N.E.2d at 471 (post-conviction appeal). Similarly, the federal courts previously concluded Wallace was not entitled to relief on account of having had two convictions vacated. *See Wallace v. Davis,* 2002 WL 31572002 at *25 (S.D.Ind.2002) *aff'd,* 362 F.3d at 917–18(7th Cir.2004).

■ The doctrine of *res judicata* prevents the repetitious litigation of claims that, like Wallace's, have already been decided. *See, e.g., Daniels v. State,* 741 N.E.2d 1177, 1184 (Ind.2001); *Wrinkles v. State,* 776 N.E.2d 905, 908(Ind.2002). Wallace correctly notes that the bar of *res judicata* may sometimes not be enforced if the initial decision was "clearly erroneous and would work manifest injustice." *See, e.g., Arthur v. State,* 663 N.E.2d 529, 531

(Ind.1996) (internal quotation omitted). But Wallace has not shown that the prior decisions were erroneous or unjust, much less clearly or manifestly so.

 **Claim No. 2.** Wallace contends the trial court did not fully consider Wallace's mental health status as a mitigating circumstance. We addressed the issue of mitigating circumstances in the direct appeal and the first post-conviction appeal. *See Wallace v. State,* 486 N.E.2d at 463 ("Although the court did not list each possible mitigating factor and dispose of it, he found that there were absolutely no mitigating factors to be weighed against the aggravating ones. The trial court's findings are amply supported by the record."); *Wallace v. State,* 553 N.E.2d at 470–71(the jury was accurately instructed with respect to mitigating circumstances and the trial court made findings regarding the lack of any mitigating circumstances and discussed all of these issues at length).

Wallace asks us to reconsider the matter in light of *Smith v. Texas,* 543 U.S. ——, 125 S.Ct. 400, 160 L.Ed.2d 303 (2004). *Smith* turned on an improper jury instruction. In Wallace's case, both the jury and the trial court were properly informed about mitigating evidence. Wallace has not established a reasonable possibility that he is entitled to relief on the basis of *Smith.*

Therefore, to the extent this claim is the same claim made and rejected in prior proceedings, the claim is barred by the doctrine of *res judicata. See, e.g., Daniels,* 741 N.E.2d at 1184; *Wrinkles,* 749 N.E.2d 1179, 1187 n. 3 (Ind.2001). To the extent Wallace's claim is raised for the first time, as the State contends, the claim is procedurally defaulted for not having been presented timely, and we decline to address it. *See, e.g., Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002); *Wrinkles v. State,* 749 N.E.2d at 1187 n. 3. This was the District Court's conclusion. *See Wallace v. Davis,* 2002 WL 31572002 at *25 (S.D.Ind.2002).

### Conclusion

Wallace acknowledges he has previously litigated the claims he presents and we see no principled reason to allow him to relitigate them. Wallace has not met his burden of establishing a reasonable possibility that he is entitled to post-conviction relief. Accordingly, we decline to authorize the filing of a successive petition for post-conviction relief.

Because Wallace has already had extensive judicial review and there is pending before us the State's motion requesting that a date be set for execution of the sentence, any request for rehearing must be prompt. Rehearing should not be sought if Wallace simply intends to raise the same arguments we have already addressed, but if he does petition for rehearing, the petition must physically be filed with the Clerk no later than January 21, 2005. The State's response must be physically filed with the Clerk no later than January 28, 2005. To minimize any delay in the service and receipt of papers, the attorneys are ordered to certify in papers presented for filing that copies have been sent by fax to the Supreme Court Administration office (fax number 317/232–8372), and by fax or electronic mail to the other party's attorney.

The Clerk is directed to send a copy of this order to the Public Defender of Indiana; the Attorney General of Indiana; to the Public Defender Council; to the Prosecuting Attorneys Council; to all counsel of record; and to West Publishing for publication in the bound volumes of this Court's decisions.

All Justices concur.