# In the
# Indiana Supreme Court

Alan MATHENEY, )   Supreme Court Cause No.
     Petitioner, )   45S00-0509-SD-425
  v. )
  )   Lake Superior Court, Crim. Div. 2
STATE of Indiana, )   Case No. 45G02-9001-CF-22
     Respondent. )

### ORDER CONCERNING SECOND SUCCESSIVE PETITION
### FOR POST-CONVICTION RELIEF IN CAPITAL CASE

### Introduction

Having completed the review to which he is entitled as a matter of right, Petitioner Alan Matheney remains convicted of murder and sentenced to death. Execution of the death sentence is set for September 28, 2005, before sunrise. Matheney, *pro se*, has tendered a successive post-conviction petition and other documents requesting relief from the conviction and sentence. We have jurisdiction because of the death sentence. *See* Ind. Appellate Rule 4(A)(1)(a).

### Background

Matheney was charged with one count of intentional murder and one count of burglary. The State sought the death penalty, alleging two aggravating circumstances that rendered Matheney eligible for a death sentence: (1) an intentional murder during a burglary; and (2) he committed the murder by lying in wait. *See* Ind. Code § 35-50-2-9(b)(1) & (b)(3).

Evidence at trial showed that in 1989, Matheney was an inmate in an Indiana prison, having been convicted of two felonies for taking his children out of the state in violation of a court order and battering his ex-wife, Lisa Bianco. On March 4, 1989, Matheney received an eight-hour pass from the prison authorizing him to travel to Indianapolis. Instead, Matheney headed north to St. Joseph County, where Bianco lived. Matheney took an unloaded shotgun from a friend's house, drove to Bianco's house in Mishawaka, parked a few houses away and walked to her backyard. He then broke in through the back door. Bianco told her children to call a neighbor for help, then Bianco ran outside with Matheney in pursuit. When Matheney caught up with Bianco, he beat her with the shotgun with such force that the gun broke. Bianco died as a result of severe blunt trauma to the head. Matheney surrendered to police later that afternoon. There was evidence Matheney was under the delusion that Bianco, the St. Joseph County prosecutor, and others were part of an organized, systematic conspiracy designed to persecute him and keep him in prison.

The jury rejected the options of finding Matheney not guilty by reason of insanity or guilty but mentally ill. *See* I.C. § 35-41-3-6(a); I.C. § 35-36-1-1. The jury unanimously recommended the death sentence. The Lake Superior Court followed the jury's recommendation

and sentenced Matheney to death.  The convictions and sentence have been affirmed at each stage of subsequent review. [1]

Matheney has already received the review of his conviction to which he is entitled as a matter of right, including a first post-conviction proceeding.  He needs our permission to litigate another or "successive" post-conviction claim.  We authorize such a proceeding to go forward only "if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief."  Ind. Post-Conviction Rule 1 § 12(b).  In deciding whether Matheney has made the required showing, we consider the applicable law, the petition, materials from his prior proceedings including the record, briefs and court decisions, and any other material we deem relevant.  *See id.*

Matheney has tendered a signed Successive Post-Conviction form along with various other documents, *pro se.* [2]  This is his second successive petition.  He was represented by counsel in proceedings on the first tendered successive petition.  After we denied permission to litigate the claims raised in the first successive petition, Matheney's counsel was allowed to withdraw, with Matheney's consent.

Matheney's second successive petition asserts he is entitled to a new trial because of errors committed by his attorneys, the prosecutor and the trial court.  He also requests that certain evidence be subjected to DNA testing.  Proper successive petitions contain claims that by their nature could not have been raised in earlier proceedings.  Claims that could have been, but were not, raised in earlier proceedings and otherwise were not properly preserved are procedurally defaulted; we do not authorize the filing of successive petitions raising forfeited claims.  *See,*

---

[1] We affirmed the death sentence on direct appeal in <u>Matheney v. State</u>, 583 N.E.2d 1202 (Ind. 1992), *cert. denied*, 504 U.S. 962 (1992).  The trial court denied Matheney's petition for post-conviction relief, and we affirmed in <u>Matheney v. State</u>, 688 N.E.2d 883 (Ind. 1997), *reh'g denied* (1998), *cert. denied*, 525 U.S. 1148 (1999).  The United States District Court for the Northern District of Indiana denied Matheney's petition for a writ of habeas corpus in <u>Matheny v. Anderson</u>, 60 F. Supp. 2d 846 (N.D. Ind. 1999).  On appeal in <u>Matheney v. Anderson</u>, 253 F.3d 1025 (7th Cir. 2001), *cert. denied*, 535 U.S. 1030 (2002), the United States Court of Appeals for the Seventh Circuit affirmed in part and remanded for a determination of whether Matheney had been competent to stand trial.  On remand, the district court found Matheney had been competent to stand trial, and again denied him relief from the convictions and death sentence in <u>Matheney v. Anderson</u>, No. 3:98-CV-183AS (N.D. Ind. Feb. 18, 2003) (unpublished order).  The Seventh Circuit affirmed that determination in <u>Matheney v. Anderson</u>, 377 F.3d 740 (7th Cir. 2004), *reh'g* and *reh'g en banc denied* (2004), *cert. denied sub nom.*, <u>Matheney v. Davis</u>, 544 U.S. ___, 125 S.Ct. 2252 (May 16, 2005).  In addition, we denied Matheney permission to litigate successive post-conviction claims concerning his mental health in <u>Matheney v. State</u>, 833 N.E.2d 454 (Ind. Aug. 29, 2005).

[2] Those documents include the following:  "Successive Post-Conviction Petition and Request for D.N.A. testing" submitted June 7, 2005 and resubmitted on various dates with various attachments;  "Notice To The Court Conflict of Interest With Attorneys Alan M. Freedman and Marie F. Donnelly And Request For Alternate Counsel To Represent" dated June 29, 2005; letter concerning the request for DNA testing dated July 4, 2005; "Motion to Request D.N.A. Test To Be Done On This Petitioner" received July 28, 2005; letter dated August 9, 2005 noting that documents are being tendered *pro se*; document "Requesting Appointment of Legal To Represent Appellant, Alan L. Matheney" mailed August 10, 2005; document "Requesting Ruling On Petitioner's Motion For DNA Testing" dated August 25, 2005; letter dated August 25, 2005 submitting police reports; document entitled "Petitioner Submits Mitigating Evidence That Supports His Post-Conviction Successive Petition Issues" dated August 24, 2005;  letter dated September 1, 2005, relating to not being represented by counsel; "Petition for Rehearing" post-marked September 6, 2005, asserting claims presented in the June 7 successive petition; and "Motion Requesting Stay Of Execution Pending DNA Testing" received September 16, 2005.

*e.g.,* Baird v. State, 831 N.E.2d 109, 116 (Ind. 2005); Wrinkles v. State, 776 N.E.2d 905, 908 (Ind. 2002); Azania v. State, 738 N.E.2d 248, 252 (Ind. 2000). Claims that have already been decided adversely are barred from re-litigation in successive post-conviction proceedings by the doctrine of *res judicata. See, e.g.,* Conner v. State, 829 N.E.2d 21, 25 (Ind. 2005); Wallace v. State, 820 N.E.2d 1261, 1263 (Ind. 2005). Finally, requests for DNA testing when the test results will not call into question a person's guilt or the appropriateness of the sentence are not properly presented in successive post-conviction proceedings. *See* I.C. § 35-38-7-8. As explained below, Matheney's claims fall into these categories just described. As such, he has not made the required showing, and we deny permission to litigate the claims in a state trial court.

### The Claims

**1. Assistance of Counsel**. Matheney claims his attorneys provided poor representation during his trial, and lists several alleged deficiencies. In the appeal of the first post-conviction proceeding, we previously considered and rejected various claims that Matheney was deprived of the effective assistance of trial counsel. *See* Matheney v. State, 688 N.E.2d at 897-903. So did the Seventh Circuit in Matheney's appeals to that court. *See* Matheney v. Anderson, 253 F.3d at 1039-1043; Matheney v. Anderson, 377 F.3d at 749. Matheney makes no showing that the particular deficiencies he now alleges were unknown to him or his counsel in earlier review proceedings. Thus, either these grounds for arguing ineffective assistance of trial counsel were previously available but unasserted (and therefore procedurally defaulted now) or were previously asserted and rejected (and thus barred by *res judicata*).

Matheney also asserts errors made by counsel in other proceedings, particularly with respect to counsel's decision to argue Matheney was entitled to relief based on his mental health. To the extent the claim involves attorney performance in state court proceedings other than trial, Matheney's claim is subject to Graves v. State, 823 N.E.2d 1193, 1195-97 (Ind. 2005) and Baum v. State, 533 N.E.2d 1200, 1200-01 (Ind. 1989). In Baum, we held that a petition alleging defective performance of counsel at a prior post-conviction hearing "poses no cognizable grounds for post-conviction relief." 533 N.E.2d at 1200. More recently in Graves, we discussed the multiple safeguards concerning counsel for criminal defendants, and noted again that post-conviction proceedings, which are not criminal actions, need not be conducted under the same standards for trial and appellate counsel stated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Instead, the standard is whether "counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court." Graves, 823 N.E.2d at 1196; Baum, 533 N.E.2d at 1201. Matheney fails to state a cognizable claim. That counsel chose the claims counsel believed likely to prevail is not "abandonment" and did not deprive Matheney of a procedurally fair post-conviction proceeding. *See* Baird v. State, 831 N.E.2d 109, 117 (Ind. 2005).

Matheney has not met his burden of showing a reasonable possibility that he is entitled to relief on the claim that he was deprived of the effective assistance of counsel.

**2. Request for DNA testing.** Matheney has submitted various reports from the Federal Bureau of Investigation laboratory about tests performed on blood, hair, fingerprints, carpet fibers and other materials taken from the murder scene and from Matheney. He notes that hair found in the victim's hand did not match Matheney's hair and that no blood or other material

3

from the victim was found on Matheney after he was in police custody, for example. Matheney's general contention seems to be that the negative test results failed to link him to the murder. He requests that we order DNA testing.

By statute, a person convicted of certain crimes, including murder, may petition for forensic DNA testing of material that may contain biological evidence related to the prosecution. *See* I. C. §§ 35-38-7-1 through 19. Testing is to be ordered if the convicted person presents "prima facie proof" that, among other things, a reasonable probability exists that the petitioner would not have been convicted of the offense or would not have received as severe a sentence for the offense if "exculpatory results" had been available through DNA testing. *See* I.C. § 35-38-7-8. This request can be raised in a successive post-conviction petition. *See* Williams v. State, 791 N.E.2d 193, 195 (Ind. 2003).

In some cases, DNA testing can provide important information. But this is not one of those cases. For one thing, even "favorable" DNA test results (i.e., showing Matheney's DNA was not found at the scene and none of the victim's DNA was found on Matheney) would not be any more favorable to Matheney than the FBI test results he has submitted to us.[3] For another, as several courts have noted, the evidence that Matheney committed the murder is "overwhelming." *See* Matheney v. Anderson, 253 F.3d at 1028-29 ("It is worth noting that at trial the prosecution introduced overwhelming evidence of Matheney's murder of Bianco. . . . The evidence was so powerful that when defense counsel began his opening statement, he admitted: 'On March 4, 1989, in the early afternoon, Alan Matheney beat his ex-wife to death in broad daylight, on a public streetcorner, in Mishawaka, Indiana.'"); Matheny v. Anderson, 60 F. Supp. 2d at 849 ("In the lengthy and complicated proceedings in the state court it does not appear that this petitioner ever seriously disputed the facts with regard to the killing of Lisa Bianco by him."); id. at 864 ("There has never been any question that Matheney committed the murder of Lisa Bianco."); Matheney v. State, 688 N.E.2d at 898 ("There was no available defense that would have cast doubt on the fact that [Matheney] intentionally killed Lisa Bianco . . . ."); *id.* at 909-910 ("As fully discussed in our [direct appeal] opinion, there was abundant evidence proving" the lying in wait aggravator, and "also ample evidence showing that Matheney broke into Bianco's home with the intent to commit murder.").

Matheney has not made a *prima facie* showing that he would not have been convicted or received as severe a sentence if favorable DNA test results were obtained.

**3. Prosecutorial misconduct.** Matheney claims he is entitled to a new trial because he was subjected to numerous instances of prosecutorial misconduct. Matheney makes no showing that the specific instances were unknown to him in earlier proceedings. This claim could have been raised in earlier proceedings, but was not. *See* Matheney v. State, 688 N.E.2d at 900. The claim is therefore procedurally defaulted.

---

[3] To the extent Matheney suggests defense counsel was not aware of the FBI tests, the record suggests otherwise. *See* Trial Record 49 (affidavit in support of search warrant stating that items will be sent to the FBI lab for testing); T.R. 151, 152, 431, 436, 438 (identifying FBI test results as materials produced by the State during discovery and identifying certain FBI employees as potential trial witnesses).

**4. Trial error.** Matheney claims errors that occurred in the 1990 trial entitle him to a new trial now. Various allegations of error that occurred during the course of the trial have been addressed in prior proceedings. Matheney makes no showing that the particular errors he asserts now were unknown in earlier review proceedings. Thus, either his claims were available during the earlier review proceedings but unasserted (and thus procedurally defaulted now) or were asserted and rejected (and thus barred by *res judicata*).

**5. Request for counsel.** Matheney has asked that counsel be appointed to represent him, but at this stage of the proceedings, he is entitled to counsel at public expense through the Public Defender of Indiana only if we authorize him to file the successive post-conviction petition in the trial court. Because we deny permission to file the successive petition, the request for counsel is denied.

**6. All other claims and request for stay of execution of the death sentence.** To the extent Matheney makes any other claims in these materials, those claims are either procedurally defaulted or have been previously decided. Finally, Matheney requests that the execution of his death sentence be stayed so he may litigate his successive post-conviction claims. Because we deny permission to file those claims and there being no other grounds for staying the execution, this request is denied.

### Conclusion

Matheney has not met his burden of establishing a reasonable possibility that he is entitled to post-conviction relief. Accordingly, we decline to authorize the filing of a successive petition for post-conviction relief, and deny all other relief requested by Matheney.

The Clerk is directed to send a copy of this order to the Public Defender of Indiana; to the Attorney General of Indiana; to the Public Defender Council; to the Prosecuting Attorney's Council; to Troy Cahill, Staff Attorney, United States Supreme Court, One 1st Street N.E. Washington, DC 20543; to Andrew Kohn, 2730 U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604; to Jennifer Darrah, 204 S. Main St., South Bend, Indiana 46601; to Wendy Hamilton, 105 Federal Building, 46 East Ohio Street, Indianapolis, Indiana 46204; to all counsel of record; to Alan Matheney, c/o the Indiana State Prison; and to West Group for publication in the bound volumes of this Court's decisions.

Done at Indianapolis, Indiana, this 23rd day of September, 2005.

/s/ Theodore R. Boehm
Acting Chief Justice of Indiana

Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.