Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

APPELLANT PRO SE:

**TYRONE FRAZIER**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

FILED

Mar 15 2013, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TYRONE FRAZIER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1201-PC-11 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James Osborn, Judge
The Honorable John Jay Boyce, Master Commissioner
Cause No. 49F15-8710-PC-12782

**March 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Tyrone Frazier appeals the denial of his successive petition for post-conviction relief. He presents four issues for our review, only two of which we need to address:

1.   Whether the trial court erred when it denied his motion to have an elected judge preside over his successive post-conviction evidentiary hearing;

2.   Whether Frazier's claims in his petition for successive post-conviction relief were *res judicata*.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 22, 1987, the State charged Frazier with Class D felony possession of marijuana.[1]  On March 10, 1988, Frazier pled guilty pursuant to a plea agreement, and the trial court sentenced him to two years, all suspended.

On August 29, 2003, Frazier filed a petition for post-conviction relief.  He alleged lack of evidence, ineffective assistance of trial counsel, and invalid guilty plea.  The petition also alleged a fourth ground not clear from the record before us, as the allegation apparently was written on the reverse side of the petition, which Frazier did not included in the Appendix filed herein.  The post-conviction court denied his petition on October 20, 2003. Frazier did not appeal from that denial.

On March 12, 2008, we authorized Frazier to file a successive petition for post-conviction relief, and Frazier filed his petition the same day, alleging ineffective assistance of counsel and invalid guilty plea.  On July 15, 2010, Frazier requested the post-conviction

---

[1] Ind. Code § 35-48-4-11.

2

court grant him permission to amend his petition, and the post-conviction court granted permission. On August 9, 2010, Frazier amended his petition by adding a claim that the judge *pro tem* that accepted his guilty plea had not been properly appointed.

Frazier moved for his successive petition for post-conviction relief to be heard by a judge elected to sit in Superior Court. His motion was denied. On August 18, 2010, and March 23, 2011, the post-conviction court heard evidence. On December 13, 2011, it denied Frazier's petition.

## DISCUSSION AND DECISION

Frazier appears *pro se*. *Pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004).

1. <u>Successive PCR Judge</u>

Frazier requested his successive petition for post-conviction relief be heard by a judge elected to sit in Superior Court. Indiana law provides:

> (c) A party to a superior court proceeding that has been assigned to a magistrate appointed under this section may request that an elected judge of the superior court preside over the proceeding instead of the magistrate to whom the proceeding has been assigned. A request under this subsection must be in writing and must be filed with the court:
>     (1) in a civil case, not later than:
>         (A) ten (10) days after the pleadings are closed; or
>         (B) thirty (30) days after the case is entered on the chronological case summary, in a case in which the defendant is not required to answer; or
>     (2) in a criminal case, not later than ten (10) days after the omnibus date.

Upon a timely request made under this subsection by either party, the

magistrate to whom the proceeding has been assigned shall transfer the proceeding back to the superior court judge.

Ind. Code § 33-33-49-32. When, as here, the issue is the interpretation of a statute, we review the matter *de novo*. *Gaudin v. Austin*, 921 N.E.2d 895 (Ind. Ct. App. 2010), *trans. granted, opinion reinstated* 936 N.E.2d 1241 (Ind. 2010).

On March 12, 2008, we authorized Frazier's successive petition for post-conviction relief, and he filed his petition the same day. On March 31, 2008, he filed a Motion for Seated Judge to Preside. The motion was denied, and Master Commissioner John Jay Boyce presided over his evidentiary hearing on March 23, 2011. As post-conviction proceedings are civil in nature, *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied*, Frazier was required to file his motion no later than ten days after pleadings closed. Frazier filed his motion eighteen days after the pleadings closed, and therefore his motion was not timely and was properly denied. Accordingly, the post-conviction court did not err when it denied his Motion for Seated Judge to Preside.

2.      Denial of Successive Petition

Post-conviction proceedings afford petitioners a limited opportunity to raise issues unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id.* A party appealing a negative post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-

4

conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citation omitted), *cert denied*, 530 U.S. 830 (2001).

A petitioner is entitled to only one post-conviction opportunity to raise the issue of ineffective assistance of counsel. *Daniels v. State*, 741 N.E.2d 1177, 1185 (Ind. 2001). Claims of ineffective assistance already decided adversely to the petition are barred in successive post-conviction proceedings as *res judicata*, which prevents the re-litigation of issues. *Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005). The doctrine of *res judicata* does not bar an action if "the initial decision was clearly erroneous and would work manifest injustice," *Wallace v. State*, 820 N.E.2d 1261, 1263 (Ind. 2005), or if there is newly-discovered evidence. *Daniels*, 741 N.E.2d at 1185.

Frazier's initial petition for post-conviction relief was denied on October 20, 2003. In his appellate brief, Frazier has not explained why the 2003 denial was "clearly erroneous" or created "manifest injustice." *See Wallace*, 820 N.E.2d at 1263. Nor does his argument rely on newly discovered evidence. Therefore, all of the arguments he raised in his successive petition for post-conviction relief are precluded by *res judicata*.

## CONCLUSION

The trial court did not err when it denied Frazier's Motion for a Seated Judge to

5

Preside because his motion was not timely.  Additionally, the claims he raised in his petition for successive post-conviction relief were *res judicata*.  Accordingly, we affirm the denial of Frazier's petition for successive post-conviction relief.

Affirmed.

ROBB, C.J., and PYLE, J., concur.