**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 19 2014, 10:05 am

_Kevin S. Smith_

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RONALD MITCHELL**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD MITCHELL, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1308-PC-708 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Thomas H. Busch, Judge
Cause No. 79D02-1207-PC-10

**November 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, JUDGE**

Ronald Mitchell appeals the denial of his successive petition for post-conviction relief. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 30, 2002, the trial court convicted Mitchell of Class A felony child molesting, Class C felony child molesting, and Class D felony intimidation. The trial court sentenced Mitchell to an aggregate sentence of fifty years. Mitchell appealed his convictions, and we affirmed the judgment of the trial court. *Mitchell v. State*, 79A05-0212-CR-618 (Ind. Ct. App. July 3, 2003).

On June 29, 2004, Mitchell filed a petition for post-conviction relief alleging misconduct by the prosecutor during his trial and ineffective assistance of trial counsel and appellate counsel. His petition was denied, and we affirmed that denial. *Mitchell v. State*, 79A02-0708-PC-675 (Ind. Ct. App. May 28, 2008), *trans. denied*.

Mitchell requested permission to file successive petitions for post-conviction relief on June 17, 2011; April 27, 2012; and October 23, 2012; all of which were denied by our Court. Mitchell filed another petition for permission to file a successive petition for post-conviction relief on July 2, 2012, which we approved only on the issue of whether he received ineffective assistance of counsel in deciding whether to accept or reject a plea agreement offered by the State. Mitchell presented his petition before the trial court, and on July 31, 2013, the trial court denied Mitchell's successive petition for post-conviction relief.

## DISCUSSION AND DECISION

Post-conviction proceedings afford petitioners a limited opportunity to raise issues

2

unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id.* A party appealing a negative post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakably and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citation omitted), *cert. denied*, 530 U.S. 830 (2001).

A petitioner is entitled to only one post-conviction opportunity to raise the issue of ineffective assistance of counsel. *Daniels v. State*, 741 N.E.2d 1177, 1185 (Ind. 2001). Claims of ineffective assistance already decided adversely to the petition are barred in successive post-conviction proceedings as *res judicata*, which prevents the re-litigation of issues. *Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005). The doctrine of *res judicata* does not bar an action if "the initial decision was clearly erroneous and would work manifest injustice," *Wallace v. State*, 820 N.E.2d 1261, 1263 (Ind. 2005), or if there is newly-discovered evidence. *Daniels*, 741 N.E.2d at 1185.

In Mitchell's earlier request for post-conviction relief, he alleged his trial counsel was ineffective for:

> (1) failing to adequately investigate the facts of his case; (2) failing to present evidence that Mitchell tested negative for gonorrhea; (3) failing to determine that Mitchell was mentally retarded and unable to assist in his defense; (4) failing to locate, interview, or depose key witnesses; (5) failing to timely file a defense witness list; (6) failing to object to the violation of his physician-patient privilege; and (7) coercing Mitchell into waiving his right to a jury trial.

*Mitchell*, 79A02-0708-PC-675, slip op. at 2. We affirmed the denial of Mitchell's petition regarding these issues, and thus they are not available for appeal in the instant action under the doctrine of *res judicata*. *See Matheney*, 834 N.E.2d at 662 (claims of ineffective assistance of counsel already decided in earlier post-conviction appeal are barred in successive post-conviction proceedings as *res judicata*).

We granted Mitchell permission to file a successive petition for post-conviction relief regarding his allegation that he was denied effective assistance of counsel because he was not properly apprised of a plea deal. The trial court denied Mitchell's successive petition for post-conviction relief, finding: "No credible evidence has been presented that the Stat[e] tendered a plea offer involving a thirty (30) year sentence." (Trial Court Findings and Conclusions[1] at 3.) We find no error therein.

Mitchell asserted his trial counsel was ineffective for failing to advise him of a possible plea agreement. However, the State disputes that any such plea agreement ever existed. Mitchell does not cite any evidence, besides his own statement, indicating such a plea agreement existed. As Mitchell has not demonstrated there was a plea agreement about which his trial counsel failed to advise him, Mitchell has not demonstrated counsel's

---

[1] Mitchell did not provide a copy of the trial court's order in his appendix. Instead, he included the order at the end of his brief. Therefore, we reference the page numbers based on the page indicated in the order.

assistance was ineffective. *See Davidson*, 763 N.E.2d at 443 (party appealing negative judgment must establish unconflicted evidence unmistakably and unerringly points to conclusion contrary to judgment). Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.