## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2015, 9:50 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Servan Allen<br>Michigan City, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl M. Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Servan Allen,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

April 30, 2015

Court of Appeals Case No. 79A04-1405-PC-228

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Cause No. 79D01-1003-PC-1

**Kirsch, Judge.**

[1] Servan Allen ("Allen") appeals the denial of his petition for post-conviction relief ("PCR") from his conviction for conspiracy to deal in cocaine as a Class

A felony.[1]  Allen raises six issues on appeal, which we consolidate and restate as:

> I.  Whether the PCR court erred in finding that he was not denied effective assistance of counsel based on his trial counsel's failure to object to a potentially inappropriate statement during the State's closing argument and failure to secure evidence that he was in Chicago until several hours before he was arrested;
>
> II.  Whether the PCR court erred in finding that he was not denied effective assistance of counsel based on his appellate counsel's failure to argue that a recording of a phone conversation and the transcript of that recording were not properly authenticated; and
>
> III. Whether Allen was denied effective assistance of counsel at his PCR hearing because of his PCR counsel's failure to call his Chicago attorney and his appellate counsel.

We affirm

## Facts and Procedural History

In October 2007, Officer Jason Walters ("Officer Walters") of the Lafayette Police Department called a phone number given to him by his Sergeant in an attempt to set up an undercover crack cocaine buy.  He spoke with two men, later identified as Myron James ("James") and Allen.  Officer Walters was told where to go and was instructed to call back when he arrived.  After arriving at the location specified by Allen, Officer Walters called the number again and informed James he had arrived.  Sparkle Bennett ("Bennett") emerged from a

---

[1] *See* Ind. Code § 35-41-5-2 (conspiracy) and Ind. Code § 35-48-4-1 (dealing in cocaine).  We note that, effective July 1, 2014, new versions of these criminal statutes were enacted.  Because Allen committed his crime prior to July 1, 2014, we will apply the statutes in effect at that time.

nearby apartment and met Officer Walters. Officer Walters gave Bennett money, and she gave him a small bag of crack cocaine. Bennett was immediately arrested.

[4] The police obtained a search warrant for the apartment and discovered more than 50 grams of crack-cocaine inside the apartment's toilet. Police arrested James, Allen, and a third man, Bryon Simmons. The police found $2,980 in cash in Allen's pockets.

[5] The three men were each charged with dealing in cocaine and possession of cocaine, both as Class A felonies, conspiracy to commit dealing in cocaine as a Class B felony, and obstruction of justice as a Class D felony. The trials for the three defendants were consolidated.

[6] At trial, the State moved to admit into evidence a recording of the phone conversation between Allen and Officer Walters and a transcript of that recording. To authenticate the audio recording itself, the State relied on testimony from Bennett that at the time the phone conversation took place, her daughter was crying and that she recognized the crying child heard on the recording as her daughter. In addition, Bennett testified that she recognized the voices of both Allen and James and that the transcript was a complete and accurate transcript of the recorded phone conversation. Allen's counsel objected to the introduction of both the recording and the transcript on the grounds that they had not been properly authenticated. He argued that only a party to the original conversation could properly authenticate the recording

and, subsequently, the transcript. Both were admitted over objection. Officer Walters later testified that he made the recording of the phone conversation himself.

[7] During Bennett's testimony, she stated that all three men—including Allen—were at her apartment the entire weekend leading up to their arrest. In an attempt to undermine Bennett's credibility, Allen's counsel called Allen's girlfriend to the stand to testify that Allen was in traffic court in Chicago on the morning of the day he was arrested.

[8] During closing arguments, the prosecutor told the jury they should believe Bennett's testimony over the testimony of the defendants because if she lied, she would go to prison for five years. This statement was based on Bennett's testimony that the terms of her plea agreement required her to tell the truth on the witness stand, and that, if she lied, the agreement would be off, she would go to prison for up to 20 years, and she would lose custody of her daughter. Allen's trial counsel did not object to this statement. After the conclusion of the trial, Allen was found guilty of conspiracy to commit dealing in cocaine as a Class A felony and was acquitted of the remaining charges.

[9] On appeal, Allen's appellate counsel raised five issues, including sufficiency of the evidence, appropriateness of the sentence, and various evidentiary issues. This court affirmed Allen's conviction. *Allen v. State,* 79A02-0809-CR-798 (Ind. Ct. App. March 26, 2009).

Subsequently, Allen filed a petition for post-conviction relief alleging ineffective assistance of trial and appellate counsel. At the hearing, Allen's trial counsel testified that the decision not to introduce evidence supporting Allen's claim that he was in Chicago on the morning of his arrest was a strategic decision given the existence of evidence that the cocaine sold may have come from Chicago. Allen's PCR counsel did not call Allen's Chicago traffic court counsel as a witness, and the only evidence presented to support Allen's claim was a non-certified document stating that Allen was in Chicago three days before his arrest. Allen's PCR counsel did not call Allen's appellate counsel to testify at the PCR hearing. The PCR court concluded that Allen's trial counsel and appellate counsel were not ineffective and denied Allen's petition.

## Discussion and Decision

Post-conviction relief does not afford a petitioner with a super appeal. *Garrett v. State*, 992 N.E.2d 710, 718 (Ind. 2013). Rather, it provides "a narrow remedy to raise issues that were not known at the time of the original trial or were unavailable on direct appeal." *Id.* In a PCR proceeding, the petitioner bears the burden of establishing his claim by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

To establish a PCR claim alleging ineffective assistance of trial or appellate counsel, a defendant must establish two components enumerated by the Supreme Court of the United States in *Strickland v. Washington*: first, that counsel's performance was deficient, and second, that the deficient performance

prejudiced the defense. *Garrett*, 992 N.E.2d at 718 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)), *Bieghler v. State*, 690 N.E.2d 188 at 192 (Ind. 1997). To establish deficient performance, the petitioner must show that counsel's representation fell below an objective standard of reasonableness and made errors "so serious that counsel did not function as 'counsel' [as] guaranteed by the Sixth Amendment." *Id.* To establish prejudice resulting from the deficient performance, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A reasonable probability is one that is "sufficient to undermine confidence in the outcome." *Id.*

[13] When appealing the denial of a PCR petition, the petitioner stands in the position of one appealing from a negative judgment. *Garrett,* 992 N.E.2d at 718. Therefore, in order to prevail upon his appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the PCR court. *Id.*

## I. Ineffective Assistance of Trial Counsel

[14] Allen contends that the PCR court erred when it denied relief based on trial counsel's failure to object to a statement made by the prosecutor at trial. During closing arguments, the prosecutor stated "Sparkle Bennett told you that if she lied, she would not only be charged with perjury, but she would go to prison for five years. She has to tell the truth by the terms of her plea agreement. If she lies, she's gonna go to prison." *Tr.* at 367. At the PCR

hearing, Allen argued that this was improper vouching and that his trial counsel's failure to object to the statement constituted a deficient performance that prejudiced the defense. We disagree.

[15] A prosecutor may comment on the credibility of a witness as long as the assertions are based on reasons which arise from the evidence. *Cooper v. State,* 854 N.E.2d 831, 836 (Ind. 2006). Here, Bennett had testified during trial that if she lied, she would go to prison, and had she not taken the plea agreement she would face up to twenty years. *Tr.* at 157. Accordingly, the prosecutor's statement was based on the evidence presented at trial and was not improper vouching, and trial counsel's failure to object to the statement did not constitute deficient performance.

[16] Allen also contends that his trial counsel was ineffective because of his failure to introduce evidence that Allen was in traffic court in Chicago earlier in the day on the date he was arrested; thus, it would undermine Bennett's testimony that Allen had been in her apartment all weekend.

[17] At the PCR hearing, Allen's trial counsel testified that, while he initially intended to secure that evidence, his ultimate decision not to do so was a strategic decision because "there was some drug trafficking involved here from Chicago and [he] wasn't sure that evidence of [Allen] being in Chicago . . . was necessarily going . . . to make the jury very happy." *PCR* at 20.

[18] Counsel's decision was reasonable, and reasonable strategic decisions do not support a finding of ineffectiveness. *Stevens v. State*, 770 N.E.2d 739 (Ind. 2002).

# II. Ineffective Assistance of Appellate Counsel

[19] Allen also contends that his appellate counsel was ineffective based on failure to argue that a recording of a phone conversation between Allen and Officer Walters was not properly authenticated. At trial, Allen's trial counsel objected to the admission of the recording because Bennett—the witness through whom the State attempted to admit the evidence—was not a party to the conversation and was not able to testify whether the recording was accurate.

[20] As an initial matter, we note that Allen's appellate counsel was not called to testify at the PCR hearing. Absent such testimony, we cannot determine that the decision not to raise the issue was not a reasonable strategic choice. Moreover, we cannot say that any deficiency prejudiced Allen's appeal.

[21] The prosecutor admitted the audio recording over objection through the testimony of Bennett. *Tr.* at 157. Bennett identified Allen as the man speaking to the undercover police officer. *Id*. at 158. Further, Bennett testified that she heard on the recording her baby crying and that she recognized that outburst as one that occurred during the conversation between Allen and Officer Walters. *Id*. at 159. Allen contends that the recording should not have been admitted because, not being a party to the conversation, Bennett was unable to properly authenticate it.

[22] There was no prejudice to Allen from the admission of the recording during Bennett's testimony. Officer Walters was the next witness called, and he

testified that the recording was of the conversation he had with Allen and that he made the recording himself. *Tr.* at 226.

[23] Allen also argues that the transcript of the conversation was likewise not properly authenticated. To be properly authenticated, the party attempting to admit evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Ind. Evid. R. 901(a). To satisfy this requirement, the proponent may introduce "testimony that an item is what it is claimed to be, by a witness with knowledge." Ind. Evid. R. 901(b)(1). Bennett testified that she recognized the transcripts, that she had listened to the recording, and that the transcripts were a complete and accurate transcript of the recording. *Tr.* at 159. Because she knew the contents of the recording, she had knowledge to identify the transcript as being what it purported to be: a transcript of that recording. Thus, the transcript was properly authenticated.

## III. Ineffective Assistance of PCR Counsel

[24] Finally, Allen argues that his PCR counsel was ineffective for failing to call his Chicago attorney and appellate counsel.

[25] Our Supreme Court has held the rigorous standard set forth in *Strickland* does not apply to claims of ineffectiveness of PCR counsel and that PCR counsel is not ineffective where counsel appeared and represented petitioner in a procedurally fair setting which resulted in a judgment of the court. *Baum v. State,* 533 N.E.2d 1200 (Ind. 1989). Counsel's decision to pursue issues

different than those petitioner would like is a strategic decision which does not render counsel ineffective. *Matheny v. State*, 834 N.E.2d 658 (Ind. 2005).

[26] Here, Allen's PCR attorney appeared at the PCR hearing, examined trial counsel and entered several exhibits and the trial record into evidence. Allen has failed to show that his PCR counsel was ineffective.

[27] Affirmed.

Friedlander, J., and Crone, J., concur.