# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 06 2019, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danny R. Bailey, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | November 6, 2019 <br><br> Court of Appeals Case No. <br> 18A-PC-2805 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Mary Margaret Lloyd, Judge <br><br> Trial Court Cause No. <br> 82D05-1607-PC-3692 |

**Mathias, Judge.**

[1] Danny R. Bailey ("Bailey") appeals the Vanderburgh Superior Court's denial of his successive petition for post-conviction relief. Bailey presents five issues,

which we consolidate and restate as whether the post-conviction court clearly erred in determining that Bailey was not denied the effective assistance of trial and appellate counsel. Concluding that Bailey's post-conviction claims have either been waived or are barred by the doctrine of res judicata, we affirm.

## Facts and Procedural History

[2] The facts underlying Bailey's convictions were set forth by this court in Bailey's direct appeal as follows:

> M.B., who is Bailey's biological daughter, was born on March 10, 1996. Bailey and M.B.'s mother later divorced and Bailey exercised parenting time with M.B. on weekends and a few hours on Wednesdays at his residence in Evansville.
>
> During one of these visits, prior to 2007, Bailey asked M.B. to go into her room so he could show her how to use a vibrator. The vibrator belonged to Bailey and his second wife. Bailey ordered M.B. to lie on the bed and remove her clothes. After M.B. complied, Bailey rubbed M.B.'s vagina with his finger and the vibrator, and inserted his fingers and the vibrator into M.B.'s vagina. Bailey also told M.B. that she could "pleasure herself with a tampon."
>
> On another occasion, Bailey approached M.B. when she had stepped out of the shower. The only shower in the house was accessible through Bailey's bedroom. Bailey asked M.B., who was naked, "if he could check out [her] boobs to make sure [she] didn't have like breast cancer or something like that." Bailey then "fondled, felt, and pressed," on M.B.'s breasts, and told her that they looked "perky." Bailey would also walk in on M.B. on multiple occasions and have frequent talks with her about "items involving sexual activity," . . . and would ask if "her body . . . and boobs were doing ok."

*Bailey v. State*, No. 82A05-1108-CR-398, 2012 WL 1069016 at *1 (Ind. Ct. App. Mar. 29, 2012) ("*Bailey I*") (record citations omitted).

[3] As a result of these incidents, the State charged Bailey with Class A felony child molesting, Class B felony incest, and Class C felony child molesting. Following a jury trial, the jury found Bailey guilty as charged. The trial court sentenced Bailey to an aggregate term of forty years of incarceration. On direct appeal, Bailey claimed only that his forty-year sentence was inappropriate given the nature of his offenses and his character. We rejected these claims and affirmed Bailey's sentence. *Id.* at *3.

[4] As set forth in our memorandum decision in Bailey's appeal of the denial of his first petition for post-conviction relief:

> Following this decision [on direct appeal], Bailey filed a petition for post-conviction relief in which he alleged that he had been denied effective assistance of counsel. Bailey alleged that his trial counsel had never informed him that, prior to trial, the State had offered Bailey a plea that would have resulted in a term of fifteen years. The post-conviction court held a hearing on October 24, 2014.
>
> Bailey called his trial attorney, Kurt Schnepper, to testify at the hearing. Schnepper testified that the State initially offered a plea agreement with a sentence of forty years. He testified that he discussed this plea with Bailey but did not recommend that Bailey accept it. Schnepper further testified that the State offered a second plea agreement, this time with a sentence of fifteen years. In regard to this plea offer, Schnepper testified that while he did not have a specific recollection of communicating the offer to Bailey, it was his practice to always communicate plea offers

to his clients. Following the hearing, the postconviction court denied Bailey's petition for post-conviction relief.

*Bailey v. State*, No. 82A01-1501-CR-28, 2015 WL 4611444 at *1 (Ind. Ct. App. July 31, 2015) ("*Bailey II*").

[5] On appeal from the denial of his petition for post-conviction relief, Bailey argued that the evidence before the post-conviction court established that his trial counsel failed to engage in meaningful plea negotiations, thereby denying him the effective assistance of counsel. *Id.* Specifically, Bailey argued that the evidence presented at the post-conviction hearing showed that his trial counsel failed to adequately inform Bailey of the details of the State's original forty-year offer and that his trial counsel wholly failed to inform Bailey of the State's subsequent fifteen-year offer. We held that Bailey's claims were simply requests to reweigh the evidence and that there was sufficient evidence to support the post-conviction court's findings. *Id.* at *2. We therefore affirmed the post-conviction court's denial of Bailey's petition for relief. *Id.*

[6] On June 9, 2016, Bailey sought the permission of this court to file a successive petition for post-conviction relief. *See* Ind. Post-Conviction Rule 1 § 12. We granted Bailey's request on July 12, 2016, and Bailey subsequently filed his successive petition for post-conviction relief on July 28, 2016. The post-conviction court held a hearing on Bailey's successive petition on April 20, 2018, after which the parties filed proposed findings and conclusions. Then, on October 25, 2018, the post-conviction court issued findings of fact and conclusions of law denying Bailey's successive petition. Bailey now appeals.

# Standard of Review

A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Willoughby v. State*, 792 N.E.2d 560, 562 (Ind. Ct. App. 2003), *trans. denied*. When a petitioner appeals the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On appeal, we neither reweigh evidence nor judge the credibility of witnesses; therefore, to prevail, the petitioner must show that the evidence in its entirety leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.*

In the present case, Bailey appeals the denial of his second petition for post-conviction relief. Successive petitions for post-conviction relief properly contain only claims that, by their nature, could not have been raised in earlier proceedings. *Matheney v. State*, 834 N.E.2d 658, 662 (Ind. 2005). Claims that could have been, but were not, raised in earlier post-conviction proceedings are procedurally defaulted, and successive petitions should not be authorized for such forfeited claims. *Id.* Claims that were presented in previous petitions but decided against the petitioner are barred from re-litigation in successive post-conviction proceedings by the doctrine of res judicata. *Id.*

## I. Ineffective Assistance of Trial Counsel

Bailey first contends that his trial counsel was ineffective for failing to object to the following evidence: (1) M.B.'s testimony that Bailey offered to help her with

her tampons, which he claims was inadmissible under Indiana Evidence Rule 403; (2) the testimony of Bailey's ex-wife regarding the presence of surveillance cameras in the home, which he also claims was inadmissible under Indiana Evidence Rule 403; and testimony from the detective who interviewed M.B. regarding the techniques the detective used to interview M.B., which Bailey claims constituted improperly vouching under Indiana Evidence Rule 704(b).

[10] The problem with Bailey's claims is that they could have been presented in his initial petition for post-conviction relief. There is no indication that these arguments were somehow unknown or otherwise unavailable to him at the time he filed is first post-conviction petition. Instead, his current claims are simply additional reasons why he believes his trial counsel was ineffective. Absent newly discovered evidence or a *Brady* violation, "a defendant is entitled to one post-conviction hearing and one post-conviction opportunity to raise the issue of ineffectiveness of trial counsel[.]" *Daniels v. State*, 741 N.E.2d 1177, 1185 (Ind. 2001).

[11] Bailey had that opportunity in his initial post-conviction petition and hearing. He presents no claim of newly discovered evidence or a *Brady* violation. Thus, his current claims of ineffective assistance of trial counsel are barred by res judicata.[1] *See id*. at 1188–89 (holding that defendant could not present new

---

[1] It is of no moment that the State did not (and does not) argue for the application of res judicata. Although a party who has failed to plead or prove an affirmative defense has no right to prevail on that basis, "an appellate court is not precluded from determining that an issue is foreclosed under a wide variety of circumstances." *Bunch v. State*, 778 N.E.2d 1285, 1289 (Ind. 2002). The power to determine that an issue is forfeited is an application of the basic principle that post-conviction proceedings do not afford the

claims of ineffective assistance of trial counsel in successive petition for post-conviction relief where a claim of ineffective assistance of trial counsel was presented and litigated in the initial post-conviction proceedings); *Matheney*, 834 N.E.2d at 662 (holding that claims presented in previous post-conviction petitions but decided against the petitioner are barred from re-litigation by the doctrine of res judicata).

[12] Nor does it matter that Bailey wants to bring new claims of ineffective assistance of trial counsel in his successive petition. *See Craig v. State*, 804 N.E.2d 170, 173 (Ind. Ct. App. 2004) (holding that if a defendant presents claim of ineffective assistance of counsel on direct appeal, then res judicata prevents him from relitigating this claim in post-conviction proceedings even if it is based on different allegations of ineffectiveness); *Hardy v. State*, 786 N.E.2d 783, 787 (Ind. Ct. App. 2003) ("[A] defendant must present *all* claims of ineffective assistance of counsel . . . at the same time. Those not presented when a claim of ineffective assistance of counsel is first advanced . . . are waived."), *trans. denied*.

[13] In his successive petition for post-conviction relief, Bailey claimed that his post-conviction counsel "abandoned" many of his claims without Bailey's consent at the first post-conviction hearing. Successive PCR App. p. 11. But this does not

opportunity for a "super-appeal." *Id.; see also Varner v. State*, 847 N.E.2d 1039, 1042–43 (Ind. Ct. App. 2006) (affirming the post-conviction court's sua sponte determination that petitioner's claim was res judicata), *trans. denied*. Accordingly, we have the authority to determine whether Bailey's current claims are forfeited on the basis of res judicata.

mean that his current claims of ineffectiveness are based on newly discovered evidence or a *Brady* violation so that res judicata would be inapplicable. At most, his claim of "abandonment" suggests a claim of ineffective assistance of post-conviction counsel. But Bailey never developed such a claim in his successive post-conviction petition.[2]

[14] In short, Bailey's current claims of ineffective assistance of trial counsel were known and available at the time of his initial post-conviction petition. Therefore, Bailey's current claims of ineffective assistance of trial counsel are barred by the doctrine of res judicata.

## II. Ineffective Assistance of Appellate Counsel

[15] Bailey also contends that his appellate counsel was ineffective for failing to raise the issues regarding the admission of the above-referenced testimony in his direct appeal. Bailey insists that, in his direct appeal, he wanted to present claims that could result in a new trial, but his appellate counsel presented only a claim regarding the length of his sentence. Baily argues that the evidentiary issues were "significant and obvious from the face of the record," and that they

---

[2] Even if he had, such an argument would fail. Our supreme court has long held that a claim alleging defective performance of counsel at a prior post-conviction hearing "poses no cognizable grounds for post-conviction relief." *Matheney,* 834 N.E.2d at 663 (quoting *Baum v. State,* 533 N.E.2d 1200, 1200 (Ind. 1989)). And in *Graves v. State,* 823 N.E.2d 1193, 1195–97 (Ind. 2005), the court reiterated that post-conviction proceedings are not criminal actions and are not subject to the *Strickland* standard. Instead, the appropriate question is whether "counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court." *Matheney,* 834 N.E.2d at 663 (quoting *Graves,* 823 N.E.2d at 1196; *Baum,* 533 N.E.2d at 1201). Here, the record reveals that Bailey's post-conviction counsel in fact appeared and represented Bailey in a procedurally fair setting that resulted in a judgment of the court—a judgment which we affirmed on appeal. The fact that Bailey's post-conviction counsel chose claims he believed were more likely to prevail does not constitute "abandonment" and did not deprive Bailey of a procedurally fair post-conviction hearing. *See id.* (citing *Baird v. State,* 831 N.E.2d 109, 117 (Ind. 2005)).

were much stronger than the issue presented by his appellate counsel. Appellant's Br. at 24.

[16] Yet again, however, there is no indication that the issue of his appellate counsel's effectiveness was unknown or unavailable to him in his first post-conviction petition. Thus, his claim is one that could have been, but was not, raised in the earlier post-conviction proceeding and is therefore forfeited by procedural default. *See Matheney*, 834 N.E.2d at 662. And Bailey makes no allegation that his claim of ineffective assistance of appellate counsel is based on any newly discovered evidence. Instead, it is based on material already in the record of his trial and appeal. Because Bailey's claim of ineffective assistance of appellate counsel could have been, but was not, raised in his initial post-conviction petition, it cannot properly be brought in a successive post-conviction petition. *See id.*; *see also Daniels*, 741 N.E.2d at 1189 (affirming post-conviction court's denial of defendant's successive post-conviction petition alleging ineffective assistance of appellate counsel where this issue was available but not raised in defendant's first post-conviction petition).[3]

## Conclusion

[17] Bailey's claims of ineffective assistance of trial counsel are barred by res judicata because he raised a claim of ineffective assistance of trial counsel in his first post-conviction petition. His claim of ineffective assistance of appellate

---

[3] Again, Bailey does not argue that his post-conviction counsel was ineffective for failing to present a claim of ineffective assistance of trial counsel in his first post-conviction petition. And, even if he did, this argument would fail. *See* note 2, *supra*.

counsel is procedurally defaulted because it was available, but not raised, in his first post-conviction petition. We therefore affirm the post-conviction court's denial of Bailey's successive petition for post-conviction relief.

[18]     Affirmed.

Robb, J., and Pyle, J., concur.